**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6877**

---

TONY TAYLOR,

        Petitioner - Appellant,

    v.

WARDEN, FCI Fort Dix,

        Respondent - Appellee,

   and

DAVID L. YOUNG,

        Respondent.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:21-cv-00414)

---

Submitted:  January 25, 2024                         Decided:  February 6, 2024

---

Before THACKER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

Tony Taylor, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Taylor, a federal prisoner, appeals the district court's order adopting the magistrate judge's recommendation and dismissing Taylor's 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction. In his § 2241 petition, Taylor sought to challenge his 18 U.S.C. § 922(g)(1) conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), by way of the savings clause in 28 U.S.C. § 2255(e). The Supreme Court recently held "that § 2255(e)'s saving[s] clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act of 1996]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023). Instead, "[§] 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." *Id.* at 480. In light of *Jones*, Taylor cannot pursue his claim in a § 2241 petition by way of § 2255(e)'s savings clause.

Accordingly, we affirm the district court's order, *Taylor v. Warden*, No. 5:21-cv-00414 (S.D.W. Va. July 19, 2022), as modified to reflect that the dismissal of Taylor's claims is without prejudice, *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of . . . subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). We deny as moot Taylor's motion to hold the appeal in abeyance for the Supreme Court's decision in *Jones*.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*